# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL VALENCIA, | CASE NO. 1:12-cv-01306 LJO GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |
| v. | |
| C. GIBSON, et al., | |
| Defendants. | OBJECTIONS DUE IN THIRTY DAYS |

## I. Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at California State Prison Corcoran, brings this civil rights action against defendant correctional officials employed by the CDCR at CSP Corcoran. Plaintiff names the following individual defendants: Warden Connie Gibson, Correctional Officer (C/O) Fujioka; C/O Sasebes; C/O Peck; Sergeant Rangel. Plaintiff's claims relate to the disposal of his personal property.

Plaintiff alleges that, at an unspecified date, he sent items of personal property to an address that he provided to correctional officials. Plaintiff was advised by C/O Fujioka that his property was lost, and was not returned to Corcoran. C/O Fujioka offered to recompense Plaintiff by providing him with $100 worth of food items. C/O Fujioka told Plaintiff that if he did not withdraw the inmate grievance that he filed, he would not get anything. Plaintiff contends that C/O Fujioka lied to him about his property and that he was effectively denied a chance to pursue an inmate grievance regarding his property.

**A.     Property**

While authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional authorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff alleges that his property was removed in retaliation for his participating in a protest against the strip search regulation. Whether the cause of the property loss was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff.

Hudson, 468 U.S. at 533.  Plaintiff has an adequate post-deprivation remedy available under California law.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994)(citing Cal. Gov't Code §§ 810-895).  Therefore, Plaintiff has failed to state a cognizable claim.

### B. Grievance Process

There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  Buckley, 997 F.2d at 495.  Nor does Plaintiff have a constitutionally protected right to have his appeals accepted or processed.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann, 855 F.2d at 640.

### III. Conclusion and Recommendation

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  Plaintiff has an adequate post-deprivation remedy under state law, and has not substantive right to an inmate grievance process.  Because the Court finds that these deficiencies are not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 20, 2012                    /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE